# In the United States Court of Federal Claims

No. 19-901C
(Filed June 28, 2019)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                               *
MARIKI EARL,                                   *
                                               *
                    Plaintiff,                 *
                                               *
       v.                                      *
                                               *
THE UNITED STATES,                             *
                                               *
                    Defendant.                 *
                                               *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

On June 20, 2019, the complaint in this case was filed by *pro se* plaintiff Mariki Earl. While the complaint is not entirely clear or coherent, what is clear from a careful review is that it does not involve anything within the subject-matter jurisdiction of our court. In his jurisdictional statement, Mr. Earl discusses a case he filed in the U.S. District Court for the Southern District of Texas, in which he failed to get compensation for lack of due process, for other unspecified constitutional violations, and for the termination of several other cases he brought in that district. Compl. at 1. The statement of his claim mentions alleged price-fixing by oil companies, the intellectual property of oil companies, and a complaint he apparently filed with the U.S. Department of Labor concerning the McNamara-O'Hara Service Contract Act. *See* Compl. at 2.

Like many of the individuals who bring their own cases in our court without the assistance of lawyers, Mr. Earl appears to misunderstand the purpose of our court and the jurisdiction given to us by Congress. We are primarily empowered, under the Tucker Act, to hear cases brought against the United States government by parties alleging the breach of a contract or the violation of a particular type of law that requires the federal government to pay money in certain circumstances. *See* 28 U.S.C. § 1491(a). Plaintiff's complaint does not allege the existence of a contract with the government, and also fails to allege that the federal government violated a money-mandating statute. *Cf. United States v. Mitchell*, 463 U.S. 206,

7018 0040 0001 1393 1327

216–17 (1983); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("To be cognizable under the Tucker Act, the claim must be for money damages against the United States, and the substantive law must be money-mandating.").

To the extent Mr. Earl is complaining about the actions of oil and gas companies, these actions are not by the federal government and thus cannot be challenged in our court. *See Mora v. United States*, 118 Fed. Cl. 713, 716 (2014) ("To the extent that plaintiff states claims against private individuals or entities, the court lacks jurisdiction over these claims."). His complaint refers to the federal government only in two regards. He alleges that a complaint he filed with the U.S. Department of Labor "wasn't assessed." Compl. at 2. But the statute he cites, the McNamara-O'Hara Service Contract Act, does not compel payments by the federal government, and instead regulates the wage practices of federal contractors and subcontractors. *See* 41 U.S.C. §§ 6701–07. Mister Earl also complains about a U.S. district court's handling of various cases he attempted to pursue. Compl. at 1. But our court does not have the power to review district court decisions. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (holding that this court "does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts"); *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (explaining that this court is not an appellate tribunal, and "does not have jurisdiction to review the decisions of district courts").

When a plaintiff has failed to state a claim that falls within the subject-matter jurisdiction of our court, a *sua sponte* dismissal is required. *See* Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC) (stating that "if the court at any time determines that it lacks subject-matter jurisdiction, the court must dismiss the action"); *see also Martinez v. United States*, 281 F.3d 1376, 1380 (Fed. Cir. 2002); *Sanders v. United States*, 252 F.3d 1329, 1331 (Fed. Cir. 2001). Since our court lacks subject-matter jurisdiction over Mr. Earl's complaint it is therefore **DISMISSED** pursuant to RCFC 12(h)(3). The Clerk is directed to close the case.†

**IT IS SO ORDERED.**

_____
VICTOR J. WOLSKI
Senior Judge

---

† Mister Earl's application to proceed *in forma pauperis* is hereby **GRANTED**.